UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHRISTOPHER WHITEHEAD,

                ORDER

        Plaintiff,               12 Civ. 0951 (ILG) (VVP)

    - against -

THE CITY OF NEW YORK, et al.

        Defendants.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Christopher Whitehead ("plaintiff"), a current employee of the City of New York Police Department ("NYPD"), brought this action against Michael Marino, a current employee of the NYPD, the City of New York, and the NYPD (collectively "defendants"), under 42 U.S.C. § 1983 and various state laws. On October 15, 2012, the Court dismissed the action on defendants' motion, and plaintiff chose not to appeal that determination.

      Currently before the Court is plaintiff's motion to set aside the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons that follow, plaintiff's motion is hereby DENIED.

## I. BACKGROUND

      The factual background and procedural history of this action are set out more fully in the Court's previous decision, familiarity with which is assumed. Whitehead v. City of New York, --- F. Supp. 2d ----, 2012 WL 4858989, at *1-3 (E.D.N.Y. Oct. 15, 2012). It suffices to say that plaintiff sued defendants for First Amendment retaliation, Fourteenth Amendment equal protection violations, and state law claims, alleging that he was not promoted to sergeant because he refused to comply with a quota policy, filed

1

a union grievance, and participated in a union arbitration.  Id. at *6.  The Court, relying in part on Matthews v. City of New York, 12 cv 1354(BSL), 2012 U.S. Dist. LEXIS 53213 (S.D.N.Y. Apr. 12, 2012), concluded that plaintiff's actions and statements were not protected by the First Amendment because they "were made in and arose out of his capacity as a police officer and not as a citizen," and dismissed the suit accordingly.  Whitehead, 2012 WL 4858989, at *5-8.  Plaintiff did not appeal the Court's decision.

On November 28, 2012, the Second Circuit reversed the district court's decision in Matthews, holding that "some discovery" is required "to determine as a matter of law whether Office Matthews spoke pursuant to his official duties."  Matthews v. City of New York, 488 Fed. App'x 532, 533 (2d Cir. 2012).  On January 8, 2013, plaintiff moved to set aside the judgment pursuant to Rule 60(b)(6), arguing that the Second Circuit's decision in Matthews changed the law.  Plaintiff's Memorandum of Law in Support of his Motion for Relief from a Judgment ("Pl.'s Mem.") (Dkt. No. 16-2).  Defendants filed their opposition to plaintiff's motion on March 1, 2013, and, on March 5, 2013, plaintiff filed his reply.  Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Relief from Judgment ("Defs.' Opp'n") (Dkt. No. 20); Plaintiff's Reply Memorandum of Law in Further Support of his Motion for Relief from a Judgment ("Pl.'s Reply") (Dkt. No. 21).

## II. DISCUSSION

Rule 60(b)(6) is a catchall provision that permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."  The standard for granting a motion brought under Rule 60(b)(6) is "strict," and such a motion "'should be granted only in extraordinary circumstances.'"  Infanti v. Scharpf, No. 06 Civ. 6552, 2012 WL 824018, at *2 (E.D.N.Y. Mar. 9, 2012)

2

(quoting Liljeberg v. Health Sys. Acquisition Corp., 486 U.S. 847, 863 (1988)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (quoting Shrader v. CSX Transp. Inc, 70 F.3d 255, 257 (2d Cir. 1995)). However, "a Rule 60 motion may not be used as a substitute for appeal and . . . a mere change in decisional law does not constitute an extraordinary circumstance for the purposes of Rule 60(b)(6)." United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (quotations omitted).

The Second Circuit's decision in Matthews provides no basis for relief under Rule 60(b)(6) because a two-page, non-precedential summary order is a mere change in decisional law. See 2d Cir. R. 32.1.1(a) ("Rulings by summary order do not have precedential effect."); United Airlines, 588 F.3d at 176 ("A circuit court's announcement of a new rule of federal law . . . [is] insufficient without more to justify Rule 60(b)(6) relief." (quotation omitted)); see also 12 James Wm. Moore et al., Moore's Federal Practice § 60.48[5][b] (3d ed. 2012) ("The rationale for denying relief is particularly strong in cases in which a party had not bothered to appeal to challenge existing law and then hopes to benefit from the efforts of some other person's appeal.").[1]

### III.   CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside judgment is DENIED.

SO ORDERED.

---

[1] Both parties spend most of their briefs discussing the four-part test of Sergeant v. Columbia Forest Prod., Inc., 75 F.3d 86, 90 (2d Cir. 1996), and whether it to applies to Rule 60(b)(6) motions. Pl.'s Mem. at 2-5; Defs.' Opp'n at 4-5; Pl.'s Reply at 1-4. The Second Circuit recently expressly declined to adopt the Sergeant test in the Rule 60(b)(6) context, noting only that it may be "helpful." Stevens v. Miller, 676 F.3d 62, 69 n.7 (2d Cir. 2012). Since a summary order decided after plaintiff failed to appeal does not constitute extraordinary circumstances, the Court need not address the applicability of the Sergeant test.

Dated:      Brooklyn, New York
               April 18, 2013

                                           /s/
                                  I. Leo Glasser
                                  Senior United States District Judge